VINCENT CALDERONE (State Bar Number 164672)
vcalderone@calemploymentattorney.com
CALDERONE LAW FIRM, APC
2321 Rosecrans Ave., Suite 1265
El Segundo, CA 90245
Telephone: (424) 348-8290

Attorneys for Plaintiff
FAYMIN CHEN

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYMIN CHEN, an individual<br><br>　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation; ASTON CARTER, INC., a Maryland corporation; AEROTEK, INC., a Maryland corporation; and DOES 1-50, inclusive<br><br>　　　Defendants. | Case No. 8:23-cv-00858-FWS-DFM<br><br>**NOTICE OF MOTION AND MOTION OF VINCENT CALDERONE TO WITHDRAW AS COUNSEL FOR PLAINTIFF FAYMIN CHEN**<br><br>Date:　　　　February 15, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　 10D<br>Judge:　　　　Fred W. Slaughter<br><br>Complaint Filed:　April 6, 2023<br>Trial Date:　　　August 20, 2024<br><br>Removed to Federal Court: May 16, 2023 |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that, on February 15, 2024 at 10:00 a.m., or as soon

3  thereafter as the matter may be heard, in Courtroom 10D of the Ronald Reagan Federal

4  Building and United States Courthouse, located at 411 West 4th Street, Santa Ana, CA

5  92701, Vincent Calderone of Calderone Law Firm, APC ("Calderone"), counsel of record

6  for Plaintiff Faymin Chen ("Chen"), will and hereby does move this Court for an order

7  under L.R. 83-2.3.2, permitting his withdrawal as counsel for Plaintiff Faymin Chen, an

8  individual, based on irreconcilable differences that have arisen between client and

9  attorney making it unreasonably difficult for Calderone to carry out his duties.

10    This motion is made following the conference of counsel pursuant to L.R. 7-3,

11  which took place on January 10, 2024. Defendants do not oppose this Motion. Calderone

12  is uncertain whether Chen will oppose the Motion.

13    Pursuant to L.R. 83-2.3.2, on January 9, 2024, Calderone gave written notice to

14  Plaintiff Faymin Chen that Calderone would file a Motion to Withdraw as attorney in this

15  lawsuit.  On January 18, 2024 Calderone served a copy of this Motion and informed Chen

16  this Motion would be heard by the Court on February 15, 2024 at 10:00 a.m. (Calderone

17  Decl. ¶ 7)

18    This Motion is based upon this Notice, the attached Memorandum of Points and

19  Authorities, the concurrently-filed Declaration of Vincent Calderone in support of this

20  Motion, the pleadings and other papers on file in this action, and all matters of which the

21  Court may take judicial notice.

22  Dated:  January 18, 2024                  Respectfully submitted,

23                                            CALDERONE LAW FIRM, APC

24                                            *Vincent Calderone*

25                                            VINCENT CALDERONE

26                                            Attorneys for Plaintiff,
                                              FAYMIN CHEN

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case arises out of an employment dispute between Plaintiff Faymin Chen ("Chen") and her former employers Defendants AMAZON.COM SERVICES LLC; ASTON CARTER, INC.; and AEROTEK, INC. for claims arising under the Fair Employment and Housing Act ("FEHA") for discrimination, retaliation, and wrongful termination. The parties participated in the Court's ADR mediation program on November 9, 2023.  Unfortunately, the parties were not able to complete the settlement nor obtain a fully executed settlement agreement.

Vincent Calderone of Calderone Law Firm, APC ("Calderone") respectfully requests that the Court permit him to withdraw as counsel for Plaintiff Faymin Chen ("Chen"). Chen's conduct renders it unreasonably difficult for Calderone to carry out the employment effectively and has resulted in a breakdown of the attorney-client communication and relationship.

### II.   PROCEDURAL BACKGROUND

Several weeks prior to the filing of this Motion, Calderone provided sufficient time for Chen to either find a new attorney to substitute in Calderone's place or sign a substitution of attorney.  Chen did not sign the substitution of attorney which necessitated the filing of this Motion. (Declaration of Vincent Calderone "Calderone Decl." ¶ 5).

On January 9, 2024, Calderone provided Chen with written notice that Calderone would file a Motion to Withdraw as attorney in this lawsuit.  On January 18, 2024 Calderone served a copy of this Motion and informed Chen this Motion would be heard by the Court on February 15, 2024 at 10:00 a.m. (Calderone Decl. ¶ 7).

1  **III.   ARGUMENT**

2     **A.     Legal Standard.**

3         Whether to grant an application to withdraw is a matter within the Court's

4  discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Under the

5  Local Rules, a motion for withdrawal has both procedural and substantive requirements.

6  Procedurally, a "motion for leave to withdraw must be made upon written notice given

7  reasonably in advance to the client and to all other parties who have appeared in the

8  action." Local Rule 83-2.3.2.

9         Substantively, withdrawal must be supported by "good cause." *Id*. "Unless

10  good cause is shown, and the ends of justice require, no substitution or relief of attorney

11  will be approved that will cause delay in prosecution of the case to completion." Local

12  Rule 83-2.3.5. In determining whether there is good cause, courts often weigh the

13  following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice

14  withdrawal may result to other litigants; (3) the harm withdrawal might cause to the

15  administration of justice[;] and (4) the degree to which withdrawal will delay the

16  resolution of the case." *Kazovsky v. Metrocities Mortgage, LLC*, CV 11-06079-ODW

17  (FMOx), 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (quoting *Huntingto*

18  *Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200-PSG (VBKx), 2009 WL

19  2337863, at *1 (C.D. Cal. June 28, 2009)).

20         In assessing the reasons for withdrawal, the Court looks to California Rules of

21  Professional Conduct. *See Stewart v. Boeing Co.*, No. CV 12-05621-RSWL (AGRx),

22  2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to

23  applicable state rules in determining whether adequate grounds exist to excuse counsel

24  from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City*

25  *Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31,

26  2010) ("In this district, courts look to the standards of professional conduct required of

27  members of the State Bar of California in determining whether counsel may withdraw

28

representation."). Under the California Rules, withdrawal is proper if the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

**B.     The Attorney-Client Relationship Has Deteriorated Where Withdrawal Is Warranted.**

Based upon irreconcilable differences that have arisen between client and attorney, this has made it unreasonably difficult for Calderone to carry out his duties. As the Court is aware, Chen has made two Ex Parte communications to the Court.  After the Court admonished the Plaintiff for the first Ex Parte communication, Chen proceeded to file another communication with the Court.  See Court Docket Nos. 23-25.  Needless to say, Calderone never authorized any of these communications with the Court. These Ex Parte communications and other conduct further illustrate the deterioration of the attorney client relationship rendering the performance of any legal representation infeasible or unreasonably difficult. Based upon the breakdown of the attorney-client relationship, Calderone has not been able to render any continuing representation or consummate any settlement.

Courts recognize this sort of breakdown within an attorney-client working relationship as grounds for withdrawing. (*Estate of Falco v. Decker* (1987) 188 Cal.App.3d 1004, 1014 [motion to withdraw granted "on the basis that the relationship between (the attorney and client) had completely broken down"].) As the Court noted in Estate of Falco, "[i]t was not relevant who caused the breakdown," but rather that "the effects the rift would have on [the] legal representation." (Id. at 1015.)

Chen's conduct renders it unreasonably difficult for Calderone to carry out the employment effectively and has resulted in a breakdown of the attorney-client communication and relationship. Cal. R. Prof. Conduct 3-700(C)(1)(d). The specific facts which give rise to this motion are confidential and required to be kept confidential pursuant to Cal. Bus. & Prof. Code § 6068(e) (West), rule 3-1 00(A), California Rules of

Professional Conduct, and by the attorney-client privilege (Cal. Evid. Code § 950 (West) et seq.) In the event that the Court desires further information to ascertain the good faith basis for this motion and for withdrawal, it is respectfully requested that the Court have an in camera hearing outside of the presence of all other parties so that the specific facts demonstrating good cause for this withdrawal may be shown. (Manfredi & Levine v. Superior Court (1998) 66 Cal.App.4th 1128, 1136-1137; 3-700(B) or (C)).

It is well established that counsel "may withdraw as the attorney of record if the client's 'conduct renders it unreasonably difficult for the member to carry out the employment effectively.'" *Beard v. Shuttermart of Cal.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008) (quoting Rule 3-700(C)(l)(d)). In evaluating similar motions to withdraw as counsel, Courts have recognized that "[u]nder the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality. In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal." *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-700(A)(2)). Based on the enumerated sections of the California Rules set forth above, Calderone submits that its withdrawal from this case is appropriate.

Further the parties or Chen will not suffer any prejudice as a result of Calderone withdrawing from the case and Calderone withdrawing from the case at this time will not delay the resolution of the case as trial is currently scheduled for August 20, 2024.

**IV.    CONCLUSION**

For the foregoing reasons, Calderone respectfully requests that the Court grant the Motion.

Dated:  January 18, 2024                    Respectfully submitted,
                                            CALDERONE LAW FIRM, APC


                                            *Vincent Calderone*
                                            VINCENT CALDERONE
                                            Attorneys for Plaintiff,
                                            FAYMIN CHEN